J-S50017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWON SANDERS | : | |
| | : | |
| Appellant | : | No. 2948 EDA 2019 |

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008197-2009

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                 **FILED:  MARCH 22, 2021**

Appellant, Antwon Sanders, appeals from the order entered on September 16, 2019, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On direct appeal, a prior panel of our Court summarized the relevant facts of this case as follows:

> At approximately 3:00 p.m. on February 20, 2009, three high school students, Fateem Gresham, Deshaoun Williams, and Rashan Singletary, were walking together in the area of 60th and Irving Streets in Philadelphia. Appellant approached the boys and, after walking past them, turned around and pulled a firearm on the boys, firing five to ten shots. Mr. Gresham was shot in the back, suffering severe injuries. Police arrived shortly thereafter and Mr. Gresham was transported to the University of Pennsylvania Hospital. The other two individuals managed to escape unharmed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

One week after the shooting, Detective William Farrell visited Mr. Gresham in the hospital. An unidentified doctor permitted the detective to speak with Mr. Gresham, although he was being prepared for surgery. Detective Farrell presented Mr. Gresham with a photographic array. Mr. Gresham placed his finger on a photograph of Appellant. However, Mr. Gresham stated that he was too weak to sign his name on the photographic array. Accordingly, Detective Farrell asked Mr. Gresham's mother, whom he stated was present in the room, to sign the array. At trial, Mr. Gresham testified that he had no memory of this interaction and that following the shooting he was semi-conscious for one month and one-half. Mr. Gresham did spend part of his time in the hospital in a coma. He also remarked that he had no memory of the shooting itself. Mr. Gresham's mother also testified that she was not allowed to be present when the photographic array was given to her son.

Approximately two months after the initial identification, Detective Farrell conducted an interview with Mr. Gresham. Detective Farrell stated that Mr. Gresham described the attack, again identified Appellant as the person who shot him, and signed a written statement to that effect. Mr. Gresham recalled that during this interview the detective informed him what had happened.

Another detective, Detective Matthew Farley, interviewed Deshaoun Williams. Mr. Williams, at the time of the interview, was a minor and was in custody for unrelated charges. Detective Farley maintained that Mr. Williams asserted that he saw the shooting and described the shooter as an individual with a funny-shaped head wearing a green and black hoodie and black trench coat. Mr. Williams also reportedly described the attacker as being 5'4" or 5'5", skinny, and seventeen years of age. Appellant was 5'6" and 130 pounds at the time of his arrest. At trial, Mr. Williams testified that he was in a pizza shop at the time of the shooting and did not see the incident. He further provided that when he was interviewed by police, he was intoxicated and requested to speak with his mother and was informed that she could not see him.

Ultimately, after the denial of a suppression motion relating to the photographic identification, a jury found Appellant guilty of [two counts of aggravated assault, and one count each of possession of an instrument of crime ("PIC"), and persons not to

possess firearms in violation of the Uniform Firearms Act ("VUFA")[1]]. Subsequently, the court sentenced him to an aggregate term of incarceration of twelve and one-half to twenty-five years.[2] Appellant timely filed a post-sentence motion, which the trial court denied.

*Commonwealth v. Sanders*, 42 A.3d 325, 328 (Pa. Super. 2012). On February 29, 2012, this Court affirmed Appellant's judgment of sentence. *Id.* at 335.

On September 17, 2012, [Appellant] filed a PCRA petition, seeking reinstatement of [Appellant's] right to file a petition for *allocatur* to the Pennsylvania Supreme Court *nunc pro tunc*. [Appellant's] appellate rights were reinstated on February 12, 2013. The Pennsylvania Supreme Court denied *allocatur* on October 29, 2013. [*Commonwealth v. Sanders*, 78 A.3d 1091, 123 EAL 2013 (Pa. 2013).]

On December 4, 2014, [Appellant] filed a timely PCRA petition, the subject of the instant matter. George Yacoubian, Esquire was appointed on July 7, 2017. On August 1, 2017 and October 30, 2017, counsel filed Finley[3] letters and motions to

---

[1]  18 Pa.C.S. §§ 2702(a), 907(a), and 6105(a)(1), respectively.

[2]  The trial court sentenced Appellant as follows: on the first conviction for aggravated assault, a term of ten to twenty years of incarceration; on the second conviction for aggravated assault, a term of five to ten years of incarceration, to be served concurrently with the first aggravated-assault term; on the PIC conviction, a term of two and one-half to five years of incarceration, to be served concurrently with the first aggravated-assault term; and on the conviction for persons not to possess firearms, a term of two and one-half to five years of incarceration, to be served consecutively to the first aggravated-assault term. Sentencing Order, 5/18/10. This resulted in an aggregate sentence of twelve and one-half to twenty-five years of incarceration. *Id.*

[3]  *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw from representation on collateral review).

withdraw as counsel, arguing that [Appellant's] petition was untimely without exception. The PCRA court[1] rejected this <u>Finley</u> letter as [Appellant's] petition was filed within one year of his judgment of sentence becoming final.[4]  On March 28, 2018, counsel filed an Amended Petition.  On October 1, 2018, the Commonwealth filed a Motion to Dismiss.  On October 2, 2018, Mr. Yacoubian informed the PCRA court that he was no longer practicing criminal law and asked to be removed from the case. On October 5, 2018, Mr. Yacoubian was permitted to withdraw as counsel and Peter Levin, Esquire was appointed as new PCRA counsel.  On February 4, 2019, Mr. Levin filed a new Amended Petition.  On June 3, 2019, the Commonwealth filed an updated Motion to Dismiss.   On August 13, 2019, this Court sent [Appellant] a Notice of Intent to Dismiss [his PCRA petition without a hearing] [p]ursuant to Rule 907. [Appellant] did not respond to this 907 Notice. On September 16, 2019, this [c]ourt dismissed [Appellant's] petition based upon lack of merit.  On October 10, 2019, [Appellant] filed a Notice of Appeal to Superior Court.

> [1] This matter was reassigned to the Honorable Steven Geroff in 2012.

PCRA Court Opinion, 4/21/20, at 3-4.  The PCRA court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant presents the following issue for our consideration: "Whether trial counsel was ineffective for failing to file a motion for reconsideration of sentence?"  Appellant's Brief at 8 (full capitalization omitted).  Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA

---

[4] *See* 42 Pa.C.S. § 9545(b)(1) (setting forth the general rule that a PCRA petition must be filed within one year from the date that the petitioner's judgment of sentence becomes final).

court's ruling is free of legal error. **Commonwealth v. Staton**, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. **Commonwealth v. Mason**, 130 A.3d 601 (Pa. 2015). In our review, we grant deference to the PCRA court's findings that are supported by the record, and we will not disturb those findings unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Our Supreme Court has explained the following in addressing claims alleging the ineffective assistance of counsel:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975-76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

**Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not satisfy all three prongs of the test set forth in **Pierce**. **Commonwealth v. Williams**, 863 A.2d 505, 513 (Pa. 2004). Additionally, Appellant bears the burden of

proving ineffectiveness. ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). In order "to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011). The PCRA court's decision to dismiss a petition without holding a hearing will not be reversed absent an abuse of discretion. ***Commonwealth v. Cox***, 983 A.2d 666, 693 (Pa. 2009).

Appellant contends that he had a viable challenge to the discretionary aspects of his sentence because the trial court failed to consider relevant sentencing factors including Appellant's mental health. Appellant's Brief at 18-19. Appellant correctly points out that in order to preserve a challenge to the discretionary aspects of one's sentence, the petitioner must, *inter alia*, file a post-sentence motion requesting reconsideration and modification of his

sentence. *Id.* at 19-20.[5] Herein, Appellant avers that counsel's failure to file a motion for reconsideration of sentence resulted in waiver of his challenge, and he maintains that if counsel had filed a motion for reconsideration of sentence, the result of the proceedings would have been different. *Id.* at 18-20.

We note that claims implicating the discretionary aspects of sentencing that are raised in the context of an ineffectiveness claim are cognizable under the PCRA. *Commonwealth v. Sarvey*, 199 A.3d 436, 455 (Pa. Super. 2018) (citations omitted). When asserting that trial counsel is ineffective for failing to file a motion for reconsideration of sentence, the petitioner must prove actual prejudice. *Commonwealth v. Reaves*, 923 A.2d 1119, 1131-1132 (Pa. 2007). To demonstrate prejudice, the petitioner must plead and prove that a motion to reconsider sentence, if filed, would have led to a "different and more favorable outcome[,]" namely, "if counsel's objection secured a

_____

[5] It is well settled that an appeal from the discretionary aspects of one's sentence is not a matter of right. *Commonwealth v. Ramsey*, 214 A.3d 274, 279 (Pa. Super. 2019). Prior to reaching the merits of the issue, we must determine whether the appellant: (1) filed a timely notice of appeal pursuant to Pa.R.A.P. 902 and 903; (2) **properly preserved his issue either at sentencing or in a post-sentence motion pursuant to Pa.R.Crim.P. 720**; (3) included a Pa.R.A.P. 2119(f) statement of the reasons relied upon for allowance of appeal of discretionary aspects of his sentence; and (4) presented a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). *Commonwealth v. Beatty*, 227 A.3d 1277, 1286-1287 (Pa. Super. 2020).

reduction of his sentence." ***Id.***[6] After review, we find that Appellant failed to meet this burden.

The PCRA court addressed this issue as follows:

> In the case at bar, [Appellant] has failed to establish prejudice. Specifically, he has failed to show that the sentencing court would have granted his motion to reconsider sentence had trial counsel filed one. In his amended [PCRA] petition, [Appellant] concedes that trial counsel did file a post-sentence motion addressing various alleged errors at trial, but that counsel failed to file a motion to reconsider sentence. [Appellant] argues that "the court did not give sufficient attention to the various factors presented at sentencing and in the licensed psychologist's report of his evaluation of [Appellant], which would have led the court to give a less harsh sentence." (Amended [PCRA] Petition, p. 17-18). This claim is not supported by the psychologist's report. In his report, court psychologist Dr. Christopher P. Lorah stated that "[t]here is no indication in records to suggest [Appellant] has ever participated in mental health treatment in the community, including the psychiatric variety." (Mental health evaluation, p. 5). During the evaluation, [Appellant] himself "denied symptoms of depression, anxiety or other major mental health symptoms in the community." Id. at 6. In his petition, [Appellant] does not cite to anywhere in the report that would support his claim that he has a "myriad" of mental health issues. Since [Appellant's] claim is baseless and without merit, no relief is due.

---

[6] In ***Reaves***, our Supreme Court explained that in certain limited situations, proof of prejudice "is not required because there are certain circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." ***Reaves***, 923 A.2d at 1128 (citation and quotation marks omitted). However, our Supreme Court opined that the failure to file post-sentence motions does not fall within that narrow category where prejudice may be presumed and stated that the question concerning whether "counsel can be deemed ineffective, then, depends upon whether [the defendant] has proven that a motion to reconsider sentence, if filed ... , would have led to a different and more favorable outcome at … sentencing." ***Id.*** at 1131-1132.

Next, [Appellant] argues that that counsel should have also raised the issue "in a reconsideration motion that the sentencing court erred when imposing the aggravated range of sentencing instead of the standard range, despite the myriad of mental health issues that were mentioned in the psychologist's report." Id. Setting aside the complete lack of evidence of a "myriad of mental health issues," [Appellant's] claim must fail for lack of development. He fails to provide any evidence that the sentence imposed was even in the aggravated range. He does not even list the standard and aggravated range provided by the sentencing guidelines. A review of the notes of testimony from sentencing show that the Commonwealth recommended a sentence of 20 to 40 years state incarceration. (N.T. 5/18/10, p. 18). However, Judge Dempsey sentenced [Appellant] to 10 to 20 years state incarceration for aggravated assault, 5 to 10 years state incarceration on the second aggravated assault, to run concurrently, and 2 ½ to 5 years on the VUFA § 6105 charge to run consecutively, for an aggregate term of 12 ½ to 25 years state incarceration. Id. at 24-25. The sentencing guidelines reviewed at the commencement of the sentencing hearing were as follows:

> Obviously this would be a deadly weapon enhancement used matrix since it's a shooting. So the guidelines in the standard range are 78 to 96 months, plus or minus 12 months. And the aggravated assault on De[shaoun] Williams is an offense gravity score of ten with the same prior record. So on the deadly weapon used matrix, 66 to 78 months plus or minus 12. There is a five to ten year mandatory minimum sentence for both of these cases.

Id. at 4-5. However, [Appellant] did not include any of this information in his petition. He failed to meaningfully discuss the applicable sentencing guidelines and how the actual sentence imposed fit into those guidelines. He claims his sentence was unreasonably in the aggravated range, but has provided no evidence to that effect. … [U]ndeveloped claims, based on boilerplate allegations, cannot satisfy [Appellant's] burden of establishing ineffectiveness. *See also* Commonwealth v. Collins, 687 A.2d 1112, 1115 (Pa. 1996) ("a petitioner must present the facts supporting each issue asserted in his PCRA Petition, and if they do not appear on the record, a petitioner must identify affidavits, documents or other evidence proving the alleged facts."). Since there is no evidence whatsoever from [Appellant]

that the court unreasonably imposed a sentence in the aggravated range, and therefore trial counsel was ineffective for failing to file a motion for reconsideration, this claim fails for lack of development.

[Appellant] baldly claims that "a reasonable judge would have granted a reconsideration motion." [Amended PCRA Petition, p. 19]. He provides no case law or statutes to support this claim. He does not cite to any cases with analogous facts where similar post-sentence motions for reconsideration were granted or where trial counsel was found ineffective for failing to do so. Once again, undeveloped, boilerplate claims are insufficient to prove counsel's ineffectiveness. Since [Appellant] has failed to prove that his underlying claims have arguable merit, failed to prove that counsel's actions were unreasonable, and has failed to prove prejudice, no relief is due.

PCRA Opinion, 4/21/20, at 6-8.

We agree with the PCRA court's analysis. Therefore, we conclude that the PCRA court committed no error of law or abuse of discretion in denying Appellant's PCRA petition without a hearing. Appellant's petition lacked merit and there were no genuine issues of material fact that if resolved in Appellant's favor, would have entitled him to relief. *Jones*, 942 A.2d at 906; *Hanible*, 30 A.3d at 452.

Additionally, even if Appellant's counsel filed a motion for reconsideration and preserved the challenge to the discretionary aspects of Appellant's sentence, there is not a reasonable probability that he would have received a reduction in his sentence, and, thus, he is unable to establish prejudice. *Paddy*, 15 A.3d at 442. As noted above, Appellant's underlying issue was that the trial court failed to consider Appellant's mental health and other sentencing factors. Appellant's Brief at 18-19.

- 10 -

It is well settled that where the sentencing judge had the benefit of a presentence investigation ("PSI") report, it will be presumed that the court considered and weighed the relevant sentencing factors. ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004). Herein, the record reflects that at Appellant's sentencing hearing, the trial court, in addition to considering the PSI report, also specifically discussed Appellant's mental health, the applicable Sentencing Guidelines, Appellant's prior record, and the court's responsibility to protect the public. N.T. (Sentencing), 5/18/10, at 4-5, 22. Therefore, the record supports the conclusion that the trial court considered the relevant sentencing factors, including Appellant's mental health, and weighed those factors when imposing sentence. ***Boyer***, 856 A.2d at 154. Thus, even if Appellant's counsel had filed a motion for reconsideration, there is not a reasonable probability that the result of the proceedings would have been different because the record belies Appellant's claim. ***Reed***, 42 A.3d at 319.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order denying Appellant's PCRA petition without a hearing.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/21